UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-561 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| ALAN G. KUNKLE, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

    This is a civil action brought by the United States pursuant to 26 U.S.C. § 7403(a) to foreclose tax liens against three parcels of real property located in Hillsdale County, Michigan. Plaintiff alleges that the tax liens arise from the failure of defendant Alan G. Kunkle to pay federal income tax liability for tax years 1991, 1992, 1995, and 1996, and the failure of defendant Dewey Kunkle to pay federal employment tax liability for the tax periods ending June 30, 1990 through March 30, 1994. In addition to naming defendants Alan G. Kunkle and Dewey Kunkle, plaintiff has named five other defendants, including the State of Michigan, who may claim an interest in the subject real property.

    This is one of three civil actions now pending in the federal district courts arising from the alleged tax liability of Alan and Dewey Kunkle. *United States v. Kunkle, et al.*, case no. 05-7340, was filed by the United States on August 17, 2005, to obtain a money judgment against Alan Kunkle for unpaid federal income taxes and against Dewey Kunkle for unpaid federal employment taxes. That suit also seeks to foreclose federal tax liens on eight parcels of real property

located in Fulton County, Ohio. On the same day, the United States filed a civil action in the United States District Court for the Eastern District of Michigan, *United States v. Kunkle, et al.*, case no. 05-73181. In that action, plaintiff seeks to foreclose federal tax liens against six parcels of real property located in Lenawee County, Michigan, in which Alan and Dewey Kunkle allegedly hold an interest. Two days later, on August 19, 2005, the United States initiated the present action seeking to foreclose tax liens on the Hillsdale County parcels.

Presently pending before the court is the motion of the United States to transfer venue of this action to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). (docket # 22). Counsel for defendants (except for the State of Michigan) have filed a brief in opposition to the motion to transfer venue; defendant State of Michigan does not oppose the motion. No party has requested oral argument, and the court determines that argument is neither necessary nor helpful in the circumstances of this case. *See* W.D. MICH. LCIVR 7.3(d). For the reasons set forth below, the court concludes that plaintiff's motion to transfer is meritorious and should be granted.

### Findings of Fact

The factual assertions that underlie plaintiff's motion have not been traversed by defendants and are therefore undisputed. The subject-matter of this foreclosure action is three parcels of real property located in Hillsdale County, Michigan, which lie within this court's territorial jurisdiction. The legal description of each parcel of property is set forth in paragraphs 22 and 24 of plaintiff's complaint. Defendants each have or may have an interest in one or more of the parcels of personal property. The United States has made assessments against defendant Alan G. Kunkle

for unpaid federal income taxes and statutory accruals for the tax years 1991, 1992, 1995, and 1996, and on the basis thereof claims taxes due and owing in the sum of $568,598.49, plus interest and penalties. The United States has made assessments against defendant Dewey Kunkle for employment taxes, penalties and interest for the tax periods ending June 30, 1990 through March 30, 1994, on the basis of which plaintiff claims taxes due and owing of $246,412.24 plus interest and penalties. The government asserts that upon the dates of each of the foregoing assessments, federal tax liens arose and attached to all property and property rights of defendants Alan G. Kunkle and Dewey Kunkle.

Defendants Alan G. Kunkle, Dewey Kunkle, Stella Kunkle Riley, and Ivy Kunkle all reside in the Northern District of Ohio, in the Toledo area. Defendants Roy Kunkle and Barbara Kunkle reside in the Eastern District of Michigan, not far from the Ohio border. The distance between defendants' residences and the courthouse in Detroit Michigan is approximately 100 miles; defendants reside approximately 200 miles from the courthouse in Grand Rapids, Michigan, where the present case now is pending. Defendants' counsel have their offices in Toledo, Ohio, which is also significantly closer to Detroit than it is to Grand Rapids.

The Hillsdale County property which is the subject of this lawsuit is also closer to Detroit than it is to Grand Rapids. Although Hillsdale County is within the Western District of Michigan, that county borders the Eastern District of Michigan. The Hillsdale County property lies approximately 100 miles from the courthouse in Detroit, but is 135 miles from the courthouse in Grand Rapids.

**Discussion**

28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) invests the district court with discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness. . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The purpose of this statute is to prevent the waste of time, energy, and money, and to prevent litigants, witnesses, and the public against unnecessary inconvenience and expense. *Id.* The district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, "public interest factors of systemic integrity," and private concerns falling under the heading "the interest of justice." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). The Sixth Circuit Court of Appeals reviews a district court's decision whether to transfer an action for abuse of discretion. *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Section 1404(a) establishes three criteria relevant to a requested transfer of a civil action. First, the transfer must be to a district where the case "might have been brought." Second, the balance of convenience of the parties and witnesses must favor a transfer. Finally, a transfer must be in the interest of justice. Each of the relevant inquiries militates in favor of a transfer.

First, the transferee district must be one in which the civil action could have originally been brought. Although the subject matter of the present case is real estate located in Hillsdale County, within the Western District of Michigan, the United States could have brought suit in either the Eastern District or the Western District of Michigan to foreclose its liens, because the foreclosure involved property in both districts. 28 U.S.C. § 1392 therefore allows suit in either district:

> Any civil action, of a local nature, involving property located in different districts in the same State, may be brought in any of such districts.

28 U.S.C. § 1392. A civil action of "a local nature" is an action involving real property. *See Johnson v. Jumelle*, 64 F.R.D. 708, 713 n.4 (S.D.N.Y. 1974). In other words, a civil action of a local nature is essentially an *in rem* action involving real estate. *See Rafael J. Musicus v. Safeway Stores, Inc.*, 743 F.2d 503, 506-07 (7th Cir. 1984). Actions under section 7403 are clearly *in rem* proceedings, *see United States v. Rodgers*, 461 U.S. 677, 695 (1983), and therefore qualify as actions "local in nature" under section 1392. As plaintiff is seeking to foreclose on real property located in Lenawee County (Eastern District of Michigan) and Hillsdale County (Western District of Michigan), section 1392 would have allowed plaintiff to bring a local action in either district.

Second, the balance of conveniences must significantly favor a transfer. In the present case, defendants have not raised a single fact tending to establish that the Western District of Michigan is a more convenient forum for any party or witness. Both defendants and their counsel are located much closer to Detroit, Michigan, than they are to Grand Rapids, Michigan. The subject real estate, although technically in the Western District of Michigan, is actually situated closer to the Detroit courthouse than to the Grand Rapids courthouse. The court is unaware of a single convenience factor that weighs in favor of retaining this matter in the Western District of Michigan, especially in light of the pendency of a virtually identical action in the Eastern District of Michigan.

Finally, the interests of justice must favor transfer. A principal consideration relevant to this factor is the ability to avoid a multiplicity of litigation arising from a single transaction. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was

designed to prevent." *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960). The federal courts generally hold that the existence of a related litigation in a transferee court weighs heavily in favor of transfer, especially when the cases may be consolidated. *See DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003) (collecting cases). Consequently, the transfer of this action would allow a single court to adjudicate all plaintiff's claims for foreclosure of tax lien on all defendants' Michigan real estate. The increase in efficiency and elimination of wasteful and duplicative litigation appears obvious. Defendants have not suggested any reason why the interests of justice would militate in favor of maintenance of overlapping and duplicative litigation. In essence, the only thing that defendants would "lose" by a transfer is the burden of litigating in two Michigan federal courts at the same time.

Rather than addressing the three statutory factors made relevant by section 1404(a), defendants assert insubstantial and essentially irrelevant arguments. First, defendants argue that a transfer under section 1404(a) is available only to defendants. Defendants' counsel goes so far as to assert that they were "unable to locate a published case where a Plaintiff requested a change of venue in a case in which they [sic] picked the initial forum in which to bring their action." (Def. Brief, docket # 26, at 2 n.2). Had counsel consulted the published decisions of the Sixth Circuit and the Supreme Court, they would have concluded otherwise. In *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782 (6th Cir. 1961), counsel for *plaintiff* moved for transfer of the action from the Eastern District of Tennessee to the Southern District of Mississippi. The court ultimately granted the motion, and defendants brought a petition in the Court of Appeals for mandamus. Rejecting the argument that a plaintiff, having chose the forum, is foreclosed from seeking a transfer under section 1404(a), the Sixth Circuit held as follows:

> The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer. A judge in his discretion may take this into consideration in determining if a transfer should be granted.

286 F.2d at 784. Approximately sixteen years ago, the Supreme Court of the United States came to the same conclusion. In *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), the Court held that the same considerations governing a motion for change of venue by defendant apply to motions brought by a plaintiff. After *Ferens*, no appellate court has held that a plaintiff is legally precluded from seeking a transfer under section 1404(a). *See, e.g., In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) ("The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be.").

Defendants also argue that plaintiff could have avoided a multiplicity of actions by waiting until it received a judgment in Ohio and only then suing in Michigan to enforce the judgment against real estate here. The mere fact that plaintiff could have done so by no means proves that it was required to do so. Defendants also suggest that plaintiff voluntarily dismiss this action and reinstate it if and when it receives a judgment in Ohio. Again, the mere fact that plaintiff could elect to follow this suggestion in no way undermines the desirability of the proposed transfer. Furthermore, defendants ignore the fact that the United States is not required to reduce its tax claim to judgment before seeking to enforce a tax lien. A federal tax lien arises automatically from a taxpayer's failure to pay an assessment of taxes after demand. 26 U.S.C. § 6321; *see United States v. Craft*, 535 U.S. 274, 276 (2002); *United States v. Speers*, 382 U.S. 266, 268 (1965); *United States v. Dishman Indep. Oil, Inc.*, 46 F.3d 523, 525 (6th Cir. 1995); *Keado v. United States*, 853 F.2d

1209, 1211 n.6 (5th Cir. 1988). In any event, the existence of other possible means to avoid duplicative litigation does not undermine the merit of a transfer to the Eastern District, which would consolidate in a single proceeding all foreclosure issues involving defendants' Michigan real estate.

Finally, defendants argue that, since the property is located in the Western District of Michigan, the Western District of Michigan "is the proper forum for this action." (Def. Brief at 3). Without doubt, the Western District of Michigan is a proper forum for this action. A motion for transfer under section 1404(a), however, argues that although venue is proper in the transferor district, litigation in some other district, where venue is also proper, would be more convenient. That is the situation in the present case.

Upon review of the facts made relevant by 28 U.S.C. § 1404(a), the court concludes that the convenience of parties and witnesses and the interests of justice clearly support transfer of this action to the Eastern District of Michigan, where all related claims against defendants' real property in Michigan may be adjudicated in a single proceeding. Plaintiff's motion to transfer venue will therefore be granted.


Dated:  February 22, 2006                /s/  Joseph G. Scoville
                                         United States Magistrate Judge